IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA GREEN,<br><br>  Petitioner,<br><br>  v.<br><br>WALTER MILLER,<br><br>  Respondent. / | No. C 11-0054 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of her state court conviction. She has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted

## BACKGROUND

In 1998, petitioner was convicted in Santa Clara County Superior Court of first-degree murder, and the trial court sentenced her to a term of 25-years-to-life in state prison. In 2001, the California Court of Appeal affirmed on direct appeal, and the California Supreme Court denied a petition for review. In 2004 and 2005, petitioner filed unsuccessful habeas petitions in all three levels of the California courts.

**DISCUSSION**

I   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II   Legal Claims

As grounds for federal habeas relief, Petitioner claims that (1) prosecutorial misconduct violated her right to due process; (2) denial of a motion for mistrial rendered the trial fundamentally unfair; (3) admission of hearsay testimony by witness Sara Silva violated her rights under the Confrontation Clause; (4) admission of multiple hearsay evidence violated her right to a fair trial; (5) counsel failed to conduct an adequate investigation and prepare an adequate defense; (6) she received ineffective assistance of counsel; (7) inadequate responses by the trial court to jury questions violated petitioner's right to a fair trial; (8) the prosecutor committed misconduct by knowingly presenting perjured testimony, in violation of Petitioner's right to a fair trial; and (9) Petitioner is entitled to equitable tolling.

Claim number nine is not an independent grounds for federal habeas relief.  Rather, the claim relates to whether the statute of limitations may be extended.  The arguments raised in that claim will be considered if the issue of the timeliness of the instant petition is raised.

Petitioner's other claims, when liberally construed, are cognizable.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  She must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 15, 2011

JEFFREY S. WHITE
United States District Judge

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AYANNA GREEN,

    Plaintiff,

 v.

WALTER MILLER et al,

    Defendant.
                                    /

Case Number: CV11-00054 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ayanna Green
W-75617
B2-03-01
P.O. Box 96
Chowchilla, CA 93610-0096

Dated: February 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk